# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
ALAN WOMACK (SSN ending 9202), presently located at FDC ) Case No. 21-mj-1120
Philadelphia, 700 Arch Street, Philadelphia, PA under register )
number 76192-066 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
ALAN WOMACK (BOP Register No. 76192-066)

located in the    Eastern    District of    Pennsylvania   , there is now concealed *(identify the person or describe the property to be seized)*:
Saliva Samples, taken by means of buccal cavity swabs from Alan Womack

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section § 922(g)(1) | Possession of a firearm by a felon |

The application is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Kevin M. Lewis
*Applicant's signature*

Special Agent Kevin M. Lewis, Federal Bureau of Investigation
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/6/2021

/s/ David R. Strawbridge
*Judge's signature*

City and state: Philadelphia, PA     Hon. David R. Strawbridge, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>ALAN WOMACK (SSN ending 9202), presently located at FDC Philadelphia, 700 Arch Street, Philadelphia, PA under register number 76192-066 | ) ) ) ) ) ) Case No. 21-mj-1120 |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   Eastern   District of   Pennsylvania  
*(identify the person or describe the property to be searched and give its location)*:

Saliva samples taken by means of buccal cavity swabs from ALAN WOMACK (BOP Register No. 76192-066)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Evidence of a crime, that is, saliva samples, to be compared to DNA evidence found on gun, magazine and/or ammunition

**YOU ARE COMMANDED** to execute this warrant on or before   July 20, 2021   *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the duty magistrate.

☞ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
    ☞ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   7/6/2021; 2:32 p.m.        /s/ David R. Strawbridge
                                                                                                           *Judge's signature*

City and state:   Philadelphia, PA        Hon. David R. Strawbridge, U.S. Magistrate Judge
                                                                                                      *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>21-mj-1120 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Your affiant, Kevin M. Lewis, being duly sworn, deposes and states as follows:

**I.      INTRODUCTION AND AGENT BACKGROUND**

1.      I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code, in that I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.  I have been employed as a Special Agent with the FBI since September 1996.  Since February 1998, I have been assigned to the Philadelphia FBI Safe Streets Violent Drug Gang Task Force ("SSVDGTF"), which investigates, among other violations of federal law, criminal groups including those involved in the importation, distribution, and manufacturing of controlled substances, the laundering of the proceeds of those activities, weapons violations, and any and all tangential violence associated with the drug trade.  I have specialized training and experience in narcotics distribution and money laundering investigations, including, but not limited to, the means and methods used by traffickers to purchase, transport, store, and distribute narcotics and to hide profits generated from those transactions.  Prior to being employed as a Special Agent, I served seven years as a Tactical and Signals Intelligence officer in the United States Army.

2.      As a part of my official duties, I investigate criminal violations of the federal narcotics laws, including, but not limited to, Title 21, United States Code, Sections 841(a)(1), 843(b), 846, 848, 853, and 860.  I have received special training in the enforcement of laws concerning controlled substances and narcotics trafficking organizations.  I am an investigative or law enforcement officer authorized to conduct interceptions under Title 18, United States Code, Section 2510(7).

Mag. No. 21-mj-1120

## II. PURPOSE OF THIS AFFIDAVIT

3. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the collection of buccal swabs for the purpose of submitting them for a comparative DNA analysis from ALAN WOMACK (D.O.B. 9/5/1975; SSN ending 9202; USM# 76192-066) who is currently in custody at the Federal Detention Center ("FDC") in Philadelphia, Pennsylvania on pending federal gun possession and drug distribution charges under Criminal Number 21-67 before the Honorable R. Barclay Surrick.

4. Since this affidavit is being submitted for the limited purpose of securing a search warrant for saliva samples, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to obtain the buccal swabs from WOMACK for the purpose of submitting them for a comparative DNA analysis conducted by the Philadelphia Police Department's Office of Forensic Science.

5. I was personally involved in two investigations of WOMACK – one of which resulted in drug trafficking and money laundering convictions following a federal trial in August 2019, and the other involving his role in a murder-for-hire plot that included drug trafficking and gun possession in the fall of 2020 while WOMACK was relased on bail pending his sentencing on the 2019 conviction. As set forth below, and relevant to this application for a search warrant, I submit that there is probable cause to believe that WOMACK has committed the federal crime of possession of a firearm by a felon, in violation of Title 18, United States Code, Section 922(g)(1).

### III. PROBABLE CAUSE FOR ISSUANCE OF A SEARCH WARRANT

6. On December 4, 2020, at approximately 6:00 a.m., FBI agents executed search warrants authorized by the Honorable Elizabeth T. Hey at two locations and on a vehicle used by WOMACK during the course of the murder-for-hire and drug trafficking investigation in the fall of 2020. One of the locations searched was 507 Gordon Avenue, Penn Valley, Pennsylvania, which was the residence where WOMACK reported to U.S. Probation while he was pending sentence on his 2019 conviction. Pursuant to the court-authorized search warrant for that location, agents recovered two firearms in the basement of the house – a Glock 19 9mm pistol, a Rock Island Armory .45 caliber 1911-style pistol, magazines for the pistols, and ammunition, among other evidence. WOMACK was not permitted to possess firearms under federal law as the result of a Pennsylvania state felony conviction for carrying firearms without a license in 1998. On December 4, 2021, WOMACK was taken into custody at another location that was subject to a federal search warrant that day at 224 Barefield Lane, Conshohocken, Pennsylvania, where he had spent the evening of December 3. A records check on the firearms' serial numbers revealed that the Glock 19 pistol was registered to WOMACK's deceased son, Alan Womack Jr., who died in February 2020, while the Rock Island pistol was purchased online by Sharon Jones from The Bunker Gun Shop on August 20, 2020. Your affiant interviewed Sharon Jones who admitted purchasing the Rock Island pistol; however, she claimed that she sold the firearm to a male shortly after she purchased it and did not recall to whom she sold it.

7. Following WOMACK's arrest on December 4, 2021, he was ordered detained pending trial and a detainer was issued for a violation of conditions set by U.S. Pretrial Services while WOMACK was released on bail pending sentence on his 2019 conviction. On March 2, 2021, a grand jury sitting in the Eastern District of Pennsylvania returned an indictment charging

WOMACK with one count of possession of a firearm by a felon, in violation 21 U.S.C. § 922(g)(1), and one count of distribution of a mixture and substance containing a detectable amount of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). A trial date of August 10, 2021 has been set. WOMACK is currently detained at the FDC.

8. On June 29, 2021, the government received a DNA Laboratory Report from the Philadelphia Police Department's Office of Forensic Science, dated June 9, 2021, providing testing analysis results for DNA swabs taken from the Glock 19, the Rock Island pistol, four magazines, and 33 rounds of ammunition recovered from WOMACK's basement. The results showed that there were sufficient DNA profiles present on both firearms and the four magazines and that they are suitable for comparison to determine the identity of at least one male contributor on each item.

## IV. SUMMARY OF PROBABLE CAUSE

9. Given the facts and circumstances described above, your affiant submits that there is sufficient probable cause to believe that the DNA of ALAN WOMACK will be present on the Glock 19 pistol, the Rock Island pistol as well as the magazines recovered from his basement. In support of this conclusion, your affiant believes that WOMACK's DNA will be present on the firearms and magazines because (a) they were stored in his home; (b) law enforcement's surveillance during the course of the investigation revealed that WOMACK frequented the residence on a regular basis; (c) WOMACK reported that location as his home address to U.S. Probation, which prohibited the storage of firearms at that location; (d) the timing of Womack Jr.'s death predated the recovery of the Glock 19 in WOMACK's basement by approximately nine months, and Womack Jr. did not reside at WOMACK's house in Penn Valley, Pennsylvania but in King of Prussia, Pennsylvania; (e) Jones' purchase of the Rock Island pistol was

Mag. No. 21-mj-1120

approximately three months before the firearm was recovered in WOMACK's basement; and (f) the DNA laboratory report revealed that at least one male's DNA profile was present on the firearms and magazines.

V. **CONCLUSION**

10. Your affiant, therefore, respectfully requests that the attached warrant be issued, authorizing your affiant to take buccal swabs, specifically, cotton swabbings from the inside of the mouth in the cheek area of WOMACK for further testing and analysis by the forensic laboratory.

I swear under oath that the above is true and correct to the best of my knowledge and belief.

/s/ Kevin M. Lewis
Kevin M. Lewis, Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me this
<u>6th</u> day of July, 2021.

/s/ David R. Strawbridge

HON. DAVID R. STRAWBRIDGE
U.S. MAGISTRATE JUDGE